## NORRINGTON *v.* WRIGHT.*

*(Circuit Court, E. D. Pennsylvania. January 24, 1881.)*

1. SEVERABLE CONTRACT—RIGHT TO RESCIND FOR FAILURE AS TO ANY PORTION.

A contract for the sale of a specific quantity of merchandise to be delivered in successive shipments of stipulated amounts, each shipment to be paid for on delivery, may be rescinded by the vendee upon failure of the vendor to deliver any one of the shipments.

2. SAME—PARTIAL PERFORMANCE—ACCEPTANCE OF IN IGNORANCE OF DEFAULT.

In such case the acceptance by the vendee of one cargo, in ignorance of a default of the vendor as to subsequent shipments, will not prevent the vendee from rescinding the contract.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

3. SAME.

> A. contracted to sell to B. 5,000 tons of rails, to be shipped at the rate of about 1,000 tons per month, the whole to be shipped within six months, each cargo to be paid for on delivery. A. shipped but 350 tons the first month, and 897 the second month, but shipped the whole within the six months. B., after having received and paid for one cargo, learned of the default of A. as to the first month's shipment. *Held*, that he could rescind the contract, and refuse to accept the other shipments.

Motion to take off Nonsuit.

*Assumpsit* by A. Norrington & Co. against Peter Wright & Sons upon the following contract:

"PHILADELPHIA, January 19, 1880.

"Sold to Messrs. Peter Wright & Sons, for account of Messrs. A. Norrington & Co., London, 5,000 tons old T iron rails, for shipment from a European port or ports, at the rate of about 1,000 tons per month, beginning February, 1880, but whole contract to be shipped before August 1, 1880, at $45 per ton of 2,240 pounds, custom-house weight, *ex* ship Philadelphia. Settlement cash, on presentation of bills accompanied by custom-house certificate of weight. Sellers to notify buyers of shipments, with vessels named, as soon as known by them. Sellers not to be compelled to replace any parcel lost after shipment. Sellers, when possible, to secure to buyers right to name discharging berth of vessels at Philadelphia."

The declaration averred performance by plaintiffs, and refusal to accept by defendants.

At the trial, (before *McKennan* and *Butler*, JJ.,) plaintiffs proved shipments under this contract as follows: February, 395 tons; March, 897 tons; April, 1,349 tons; May, 1,099 tons; June, 991 tons; July, 306 tons. The first cargo, consisting of the 395 tons shipped in February, was received and paid for by defendants. Upon the arrival of the other cargoes, defendants declined to receive them, and claimed the right to rescind the contract, because of the failure of plaintiffs to ship the stipulated quantity in February and March. Plaintiffs failed to show that defendants, at the time of receiving the first cargo, knew of plaintiffs' default in making the shipments.

v.5, no.9—49

At the close of plaintiffs' evidence, the court being of opinion that defendants had the right to rescind the contract, plaintiffs elected to suffer a nonsuit, with leave to move to take it off.

*Samuel Dickson* and *John C. Bullitt*, for the motion.

As the contract expressly allowed six months for the shipment of the whole 5,000 tons, the failure to ship 1,000 tons in any one month was immaterial. The facts that each shipment was to be paid for separately, that the time of arrival was uncertain, and that lost shipments were not to be replaced, all show that the contract was severable. The rule is that if the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item, the contract is severable. 2 Parsons on Contracts, 29–31; *Lucesco Oil Co.* v. *Brewer*, 66 Pa. St. 351; *Graves* v. *Scott*, 80 Pa. St. 88; *Scott* v. *Kittanning Coal Co.* 89 Pa. St. 231; note to same case, 19 Am. Law Reg. (N. S.) 418; *Morgan* v. *McKee*, 77 Pa. St. 229; *Perkins* v. *Hart*, 11 Wheat. 237. If the contract is severable under the rule of *Pordage* v. *Cole*, 1 Wms. Saund. 320, the covenant is substituted for exact performance, and the failure of the seller to supply the first monthly instalment does not entitle the purchaser to rescind unless such failure is accompanied by other circumstances showing an intention to abandon the contract. Benjamin on Sales, § 426; *Stoddart* v. *Smith*, 5 Burn. 355; *Tipton* v. *Feitner*, 20 N. Y. 423; *Snook* v. *Fries*, 19 Barb. 313; *Lee* v. *Beebe*, 13 Hun. 89; *Johnassohn* v. *Young*, 4 B. & S. 296 (116 E. C. L.;) *Simpson* v. *Crippen*, Law Rep. 8 Q. B. 14; *Roper* v. *Johnson*, L. R. 8 C. P. Div. 167; *Freeth* v. *Burr*, L. R. 9 C. P. 208; *Bloomer* v. *Berntine*, L. R. 9 C. P. 588; *Ex parte Chalmers*, L. R. 9 C. P. 289; *Morgan* v. *Bain*, L. R. 10 C. P. 15; *Houck* v. *Muller*, London Times, Dec. 18, 1880.

*R. C. McMurtrie, contra.*

The rule adopted in the English cases cited by plaintiffs is a departure from the earlier decisions of the English courts, and is inconsistent with other recent English decisions. *Johnson* v. *Johnson*, 3 B. & Pull. 162–70; *Oxendale* v. *Weth-*

*erill,* 9 B & Cr. 387 ; *Hoare* v. *Rennie,* 5 H. & Norm. 19 ; *Bradford* v. *Williams,* L. R. 7 Exch. 261 ; *Coddington* v. *Paleslogo,* L. R. 2 Exch. 193. It has not been adopted in this country. *Smith* v. *Lewis,* 40 Ind. 98 ; *McMillan* v. *Vanderslip,* 12 John. 165 ; *Catlin* v. *Tobias,* 26 N. Y. 217 ; *Shinn* v. *Bodine,* 60 Pa. St. 182 ; *Raybold* v. *Williams,* 30 Pa. St. 268 ; *Bradley* v. *King,* 44 Ill. 339. When a time is fixed for delivery, a rescission is always allowed upon failure to deliver, and no intention to vary this can be drawn from the agreement for successive shipments of the one subject of sale. If the contract still remains one, though divisible in performance, there is no reason why this right of rescission should not be exercised.

Partial performance by the vendor does not prevent the vendee from rescinding if the contract furnishes an exact measure of compensation for the benefit received. Chitty on Cont. 1094 ; *Hill* v. *Crew,* 1 Metc. 268–72 ; *Haines* v. *Tucker,* 50 N. H. 309 ; *Dwinel* v. *Harvard,* 30 Me. 258 ; *Miner* v. *Bradley,* 22 Pick. 459 ; *Bradley* v. *King,* 44 Ill. 339 ; *Catlin* v. *Tobias,* 26 N. Y. 217 ; *Sharp* v. *The Turnpike,* 3 Pa. St.

BUTLER, D. J., (*orally.*) To justify an allowance of the motion, we must be convinced that our ruling at the trial was wrong. We are not so convinced. The motion must therefore, be dismissed. For myself, however, I may say that I regard the point as involved in serious doubt,—not so much when considered on general principles, as when viewed in the light of modern decisions. The right to rescind a contract for non-performance, is a remedy as old as the law of contract itself. Where the contract is entire,—indivisible,—the right is unquestioned. The undertakings on the one side, and on the other, are dependent, and performance by one party cannot be enforced by the other, without performance, or a tender of performance, on his own part. In the case before us the contract is "severable." But to say it is "severable," does not advance the plaintiffs' argument. A "severable" contract, as the language imports, is a contract *liable* simply to be severed. In its origin, and till severed, it is entire—a single bargain, or transaction. The doctrine of severableness, (if I may be allowed to coin a word,) in contracts, is an invention of the courts, in the interest of justice, designed to

enable one who has partially performed, and is entitled on such partial performance, to something from the other side, to sustain an action, in advance of complete performance,— as where goods are sold to be delivered and paid for in parcels, to enable the seller to recover for the parcels delivered, in advance of completing his undertaking. But this equitable doctrine should not be invoked by one who has failed to perform, for the purpose of defeating the other's right to rescind, and thus to protect himself against the consequences of his own wrong. As against such a party the contract should be treated, and enforced, as entire. To say therefore that the contract is "severable," does not, I repeat, advance the argument. To render the plaintiff's position logical, it is necessary to take a step forward, and hold that such a transaction, (it would not be accurate in this view to call it a *contract*,) constitutes *several distinct, independent* contracts. Then of course it follows that a failure as respects one of several successive deliveries, affords no right to rescind in regard to those yet to be made. And this step, after much apparent doubt and hesitation, the English courts have taken. It was the necessary outgrowth of the decision in *Simpson* v. *Crippen*, which overruled *Hoare* v. *Rennie*. In our own country the cases are inharmonious, and the question unsettled. After a careful examination of what has been said on the subject, I shall not be surprised if the courts here finally adopt the present English rule, and thus substitute compensation in damages for the remedy by rescission, to the extent there done. I say this, however, not because I think it wise to adopt this rule, but because of an apparent leaning in that direction. The question, however, as here presented, is properly for the supreme court, to which I hope it may be carried, and the rule thus be settled.

McKennan, C. J., (*orally.*) I concur in the foregoing decision. I am not satisfied that the weight of authority in this country is preponderating in favor of following the English rule. I have very great doubt as to the justice of this rule and am not disposed to follow it. I am not willing to take this advanced step.