CHARLES E. SHELDON *et al.*

*v.*

PERRY C. DUNBAR *et al.*

*Opinion filed December 16, 1902—Rehearing denied February 5, 1903.*

1. CONTRACTS—*if a party waives conditions his devisee cannot revive them.*   If certain of the conditions of a contract by a father to give a house and lot to his daughter at his death are waived by the father, the devisee of the property cannot revive such conditions and thereby avoid specific performance of the contract.

2. LACHES—*laches not imputed to one in possession.*   One in possession of property under a contract for a conveyance is not guilty of *laches* in failing to enforce the contract.

APPEAL from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding.

FORREST M. LOWES, and EMERY C. GRAVES, for appellants.

HARRY A. REHERD, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree dismissing appellants' bill, brought for the specific performance of the following contract:

"ATKINSON, ILL., *May 12th, A. D. 1882.*

"This indenture entered into this day & date as above: Witnesseth, that I, H. R. Dunbar of the County & State above named, party of the first part & Kesiah Sheldon party of the second part agree as follows, that S—d Kesiah Sheldon shal liv in my house on lot 9 Block 9 in Atkinson Ills., so long as I H R Dunbar party of the first part may liv, if S—d Kesiah & hir husband will keep said house in good repare & keep the tax paid up, and administer to us in case of inability with care and if s—d Kesiah Sheldon will strictly comply with this covenant up to my Death then she & her heirs shall own said house & lot forever.                                    H. R. DUNBAR
    Attest:  SARA A. RILEY.            KESIAH SHELDON."

The appellants are the children and heirs of said Kesiah Sheldon, who was the daughter of said H. R. Dunbar. Said Dunbar died in 1884, having devised all his property to his son, Perry C. Dunbar, one of the appellees. It appears from the evidence that said Kesiah, with her husband and children, occupied the property under the contract, from the time it was made, in 1882, until her death, in 1895, a period of about thirteen years,—that is, for about two years during the lifetime of her father, when he held the legal title, and for eleven years afterwards, when the legal title was in appellee Perry C. Dunbar. The property was not specifically devised to appellee Perry C., but the legal title passed with all the testator's property, under his will. Kesiah Sheldon paid all the taxes on the property except those assessed for the first two years,—that is, $2.23 for 1882, and $2.62 for the year 1883. These assessments were paid when

they became due, by her father, but why he paid them, or for whom, does not appear.

It is urged by appellees that specific performance of the contract cannot be enforced for three reasons: First, because Kesiah Sheldon failed to pay said taxes for the years 1882 and 1883; second, because she did not keep the house in good repair; and third, because she did not minister to her parents when they were unable to care for themselves. We are of the opinion, however, from the evidence, that if the taxes for the two years in question were paid by the testator from his own money because of the neglect of said Kesiah to pay them, he waived the condition expressed in the contract respecting their payment and advanced them as a gift to his daughter. She was in indigent circumstances while he had ample means. He took no advantage of her default, if default there was, and thereafter she remained in possession of the property with his full consent. It was proved, also, that after he had paid the taxes for the two years mentioned, he stated to different persons that he had given the property to Kesiah, and that he had not made her a deed but had given it to her by contract, so that her husband could not get it into his hands and dispose of it and so that she would have a place to live. Although he talked of the gift of the property to his daughter he never mentioned any neglect or default on her part in performing her part of the contract. Nor did Perry C. Dunbar, the successor to the legal title, undertake to forfeit her rights under the contract after his father's death, notwithstanding that his sister, Kesiah, continued to occupy and pay taxes on the property and to claim it as her own for eleven years and until her death. It appears, also, that there was a settlement between him and the heirs of his father of some question involving his right to his father's property under the will, in which settlement he paid each of them, including Kesiah, $1000, and it was stipulated in writing that said settlement should not be construed as

waiving any rights Kesiah had in the property mentioned in the contract. It seems the property was near the home of her parents and she visited them often, but there was no proof that they ever needed her care and failed to get it. Their relations were kindly and affectionate. The house was old when she moved into it, and while there was no proof that she repaired it, it appeared that it remained in about the same condition it was in when she obtained it. If any default in this regard was shown, it was by proof that the house needed painting before as well as after the contract was made. It is to be borne in mind that she remained in possession of the property, as did her heirs after her, paying taxes and claiming to own it, with the knowledge of appellees, and paying no rent to any one. By the contract she was to be the owner of the property upon the death of her father, and if she performed her part of the contract to his satisfaction, or if he waived any ground of forfeiture he may have had under the contract, as we think the evidence sufficiently shows he did, his devisee of the legal title cannot now revive such grounds so waived and thus avoid the performance of the contract. Especially is this so in this case, where the evidence shows that he acquiesced in such waiver and allowed Mrs. Sheldon to remain in possession of the property, and to care for it and pay taxes upon it, for so long a period of time. There is absolutely no evidence that she abandoned the contract. Being in possession, she was not guilty of *laches* in failing to enforce the conveyance of the property to her. *Hall* v. *Peoria and Eastern Railway Co.* 143 Ill. 163; 22 Am. & Eng. Ency. of Law, 1059, note.

We are of the opinion the court erred in dismissing the bill and in not granting the relief as prayed in the bill. The decree will therefore be reversed and the cause remanded, with directions to enter a decree for specific performance of the contract as prayed.

*Reversed and remanded, with directions.*