(November 1, 1922.)

## GEORGE D. CHAMBERLIN, Respondent, v. G. E. IVENS, Appellant.

[210 Pac. 580.]

CONDITIONAL SALE CONTRACT—WHEN CONDITIONS ARE CONCURRENT AND RECIPROCAL—WHAT PURCHASER MUST ALLEGE AND PROVE IN ORDER TO TERMINATE CONTRACT AND RECOVER PURCHASE MONEY PAID—WAIVER OF FORFEITURE — MAY BE EXPRESS OR IMPLIED — SUBSEQUENT RIGHTS OF PARTIES—HOW DETERMINED.

1. Where a conditional sale contract of a Carey entryman requires him to procure a government patent within a year, and the purchaser to make a deferred payment within the same time, these conditions are concurrent and reciprocal, and neither can forfeit the rights of the other for failure to perform while he is himself in default.

2. Under such a contract, the purchaser who has gone into possession, in order to recover the payments made for a default on the part of the vendor to secure patent within the stipulated time, must allege and prove that he is ready, able and willing to perform on his part, and offer to restore the vendor to the *status quo,* as nearly as may be.

3. Neither party to a conditional sale contract of real estate containing concurrent and reciprocal obligations can; after his default for failure to perform, put the other party in any less favorable position as to the time and manner of performing than such other party had under the terms of the original agreement.

APPEAL from the District Court of the Sixth Judicial District, for Butte County. Hon. Ralph W. Adair, Judge.

Action to recover money paid on a contract to purchase land. Judgment for plaintiff, and defendant appeals. *Reversed* and *remanded*.

E. J. Dockery, for Appellant.

A party to a contract, who has knowledge of facts which would justify him in rescinding it, but who thereafter seeks and obtains indulgence in respect to the time or obligations under the contract, or an extension of time for making stipulated payments, thereby waives his right to rescission, for this amounts not only to a recognition of the contract as subsisting and binding, but is in effect a modification of its terms by mutual agreement. (Block on Res. and Can., sec. 602, p. 1392; *Delano v. Jacoby*, 96 Cal. 275, 31 Am. St. 201, 31 Pac. 290; *Bourke v. Kissack*, 242 Ill. 233, 89 N. E. 990, 26 L. R. A., N. S., 226; *T. Wilce Co. v. Kelly Shingle Co.*, 130 Mich. 319, 89 N. W. 951; *Parsons v. Mickinley*, 56 Minn. 464, 57 N. W. 1134; *Crooks v. Nippolt*, 44 Minn. 239, 46 N. W. 349; *Hewitt v. Andrews*, 69 Or. 581, 140 Pac. 437; *C. J. Huebel Co. v. Leaper*, 188 Fed. 769.)

Purchaser must act promptly upon his right to rescind or he loses the right. (*Faulkner v. Wassmer*, 77 N. J. Eq. 537, 77 Atl. 341, 30 L. R. A. 872.)

Delay when coupled with affirmative acts on his part recognizing the validity of the contract or its binding effect is conclusive evidence of a waiver of his right to rescind, unless explained by him. (*Scheftel v. Hays*, 58 Fed. 457, 7 C. C. A. 308; *Crooks v. Nippolt, supra; Hewitt v. Andrews, supra; Marshall v. Gilman*, 47 Minn. 131, 49 N. W. 688; *Hunt v. Blanton*, 89 Ind. 38; *Bennett v. Hickey*, 112 Mich.

379, 70 N. W. 900; *Wilson v. Sunnyside Orchard Co.,* 33 Ida. 501, 196 Pac. 302.)

It is a condition precedent, declared by all courts, that before a plaintiff may bring a law action to recover back payments made upon a contract of purchase he must in advance restore or offer to restore to the defendant the property involved. A clearly defined distinction is drawn between the obligations of plaintiff in a suit in equity brought to obtain a decree of rescission of a contract and an action at law by a plaintiff who on his own motion rescinds the contract and sues for return of money paid on the contract. (*Gamblin v. Dickson,* 18 Ida. 734, 112 Pac. 213; 24 Am. & Eng. Ency. of Law, 621; *Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994; *Luddington v. Patton,* 111 Wis. 208, 86 N. W. 571.)

Where a party abrogates a contract and sues for recovery of money paid under it, he must place the defendant *in statu quo* in advance of instituting his action. (*Herman v. Haffenegger,* 54 Cal. 161; *Hammond v. Wallace,* 85 Cal. 522, 20 Am. St. 239, 24 Pac. 837; *Rhorer v. Bila,* 83 Cal. 51, 23 Pac. 274; *Buena Vista Fruit & Vineyard Co. v. Tuohy,* 107 Cal. 243, 40 Pac. 386; *Severs v. Brown,* 34 Or. 454, 56 Pac. 170.)


Whitcomb, Cowen & Clark, for Respondent.

''Where an action is tried to the court without a jury and the evidence is conflicting, but there is substantial evidence in support of the findings of the court, such findings will not be disturbed by the appellate court on appeal.'' (*Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Holland v. Avondale Irr. Dist.,* 30 Ida. 479, 166 Pac. 259; *Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994; *Wolf v. Eagleson,* 29 Ida. 177, 157 Pac. 1122; *Jones v. Van-Ausdeln,* 28 Ida. 743, 156 Pac. 615; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Smith v. Faris-Kesl C. Co.,* 27 Ida. 407, 150 Pac. 25; *Bower v. Moorman,* 27 Ida. 162, 147 Pac. 496.)

"The rule is well settled that a party cannot avail himself of a defense for the first time in the appellate court, nor will a question not raised in the trial court be considered on appeal." (*Grant v. St. James Mining Co.,* 33 Ida. 221, 191 Pac. 359; *Smith v. Sterling,* 1 Ida. 128; *Taylor v. Hall,* 8 Ida. 757, 71 Pac. 116; *Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608; *Marysville Merc. Co. v. Home Fire Ins. Co.,* 21 Ida. 377, 121 Pac. 1026.)

In order to take advantage of estoppel or waiver, it must be especially pleaded. (*Leland v. Isenbeck,* 1 Ida. 469; *Wienke v. Smith,* 179 Cal. 220, 176 Pac. 42; *Burk v. City of Santa Cruz,* 163 Cal. 807, 127 Pac. 154; *Cooper v. Flesner,* 24 Okl. 27, 103 Pac. 1016; *Deming Inv. Co. v. Shawnee F. I. Co.,* 16 Okl. 1, 83 Pac. 918; 10 R. C. L. 844; *Tyler v. Hall,* 106 Mo. 313, 27 Am. St. 337, 17 S. W. 319.)

The rules of pleading require that a plaintiff show by his pleading in an action upon a contract that all conditions precedent or concurrent to a breach complained of have been complied with. (4 Ency. Pl. & Pr. 627, 932; 21 R. C. L. 462.)

But when the breach of an independent covenant or condition in a contract is complained of, the plaintiff need not plead performance on his part, nor an offer to perform his part of the contract. (4 Ency. Pl. & Pr. 933; 13 C. J. 567, 568, 629, 725; *Dey v. Dox,* 9 Wend. (N. Y.) 129, 24 Am. Dec. 137; *Couch v. Ingersoll,* 2 Pick. (Mass.) 292; *Romel v. Alexander,* 17 Ind. App. 257, 46 N. E. 595; *Johnson v. Heaton,* 28 Ind. App. 475, 61 N. E. 959.)

The covenant or agreement to return this money, as provided for in the contract, is an independent covenant, the breach of which may be enforced without reference to the performance of any other term or condition of the contract. (5 Page on Contracts, secs. 2941, 2976, 2971; 2 Elliott on Contracts, secs. 1576, 1583, 1584.)

LEE, J.—This is an action to recover money paid by respondent to appellant upon the purchase price of lands in a Carey entry, and for an additional amount thereafter paid

by him to the construction company upon the purchase price, of the water right appurtenant thereto. The complaint sets out the conditional agreement *haec verba,* and respondent relies for recovery upon the following provision therein:

"That in the event the said vendor fails within one year to secure a patent to said land, then he shall refund back to vendee all money paid him, together with interest thereon at the rate of seven per cent per annum."

The complaint alleges that respondent took possession of the premises on May 9, 1919, the date of the purchase agreement, and was in possession until April 5, 1921, when he notified appellant that he elected to rescind the contract and would proceed no further therewith, and expected a return of the money he had paid.

Appellant interposed a general demurrer to the complaint, which was overruled, and he answered over, admitting the execution of the agreement, and also pleaded and relied upon the same, but denied all averments of the complaint that charged him with being in default in the performance of any of its conditions whereby he was liable for a return of the money received on the purchase price. By way of cross-complaint, which he contends should also be considered a part of his answer, he alleges that the word "patent" used in the foregoing quoted paragraph was inserted in the agreement by mistake of the attorney who drew the same, and that the words "final certificate" should have been used in lieu of the word "patent," and prayed for a reformation of the contract on the ground of mutual mistake.

In the trial of the cause below, in so far as the material averments of the complaint were controverted, it was limited almost entirely to the issue of whether appellant was entitled to have the contract reformed by having the words "final certificate" substituted for the word "patent" in the paragraph referred to. Upon this issue the trial court found against appellant's contention, and there being a conflict in the evidence, this court will not disturb the findings of the lower court on that issue.

The court also found that appellant had not secured a patent from the government within a year following the execution of the sale agreement, and that respondent had paid on the purchase price, and to the construction company on the water right and for certain improvements made by him on the premises, the amounts alleged in the complaint, and as a conclusion of law held that respondent was entitled to recover the money so paid, and entered a judgment for the same, from which this appeal is taken.

Appellant contends that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it fails to allege that respondent is ready, willing and able to make the deferred payment which fell due at the expiration of the time in which appellant was required to secure a patent to the premises, that it fails to allege that respondent had elected to rescind or that he had offered to restore appellant to possession of the premises, that respondent could not state a cause of action to forfeit the agreement for conditions broken and a demand for a return of the money he had paid, without being required to allege and prove that he was ready, willing and able to perform and offering to restore appellant to the *status quo,* and that therefore the general demurrer to the complaint should have been sustained.

Appellant's pleading designates as "answer" certain admissions, denials and averments, among others:

"That he never consented or agreed with plaintiff to secure or to deliver a patent to said lands within one year or within any other period, as is more particularly set forth in the cross-complaint, made a part of defendant's pleading herein, and herein referred to and made a part hereof."

This is followed by a further affirmative pleading, which begins: "That further answering and by way of cross-complaint and cause of action, defendant alleges, etc." In the third paragraph of this latter pleading, it is alleged that by the terms of said contract, plaintiff was required to pay upon the balance of the purchase price the sum of $500 on May 9, 1920, and a like sum on May 9, 1921; that time was

the essence of this agreement; that respondent asked for and was granted an extension of time to make said first deferred payment, and executed a chattel mortgage on his growing crops to secure the same, and thereafter asked for and was granted an extension of time to make said second deferred payment; that by reason of securing such extensions, he waived his right to forfeit the contract and recover the amount he had paid appellant on the purchase price at the time of the execution of the agreement.

As we understand respondent's position, it is that his action is one at law to recover money had and received, upon the ground that appellant had not kept his part of the agreement above referred to, which required him to secure a patent within a year from the execution of the sale agreement; that this is an independent covenant, upon which respondent can maintain an action for the recovery of the money paid, irrespective of whether he has kept his agreement to make payment of future instalments on the purchase price; that his asking for and obtaining an extension of time in which to make such payments was not a waiver of his right to declare a forfeiture and recover the money he had paid, nor did it operate to estop him from such recovery; and further, that even if the conditions of this agreement are concurrent and reciprocal, the matter of waiver and estoppel is not sufficiently pleaded.

The answer, in so far as it attempts to plead a waiver and estoppel *in pais* against respondent's right to recover upon the ground of forfeiture, is not a model of good pleading. This affirmative matter appears only in that part of the pleading designated as "further answering and by way of cross-complaint and cause of action," although the answer, as stated, refers to the cross-complaint. But it is not clear that the pleader intended to make the cross-complaint a part of the answer, otherwise than in relation to his plea for reformation. "The name and character of a pleading must be determined by the facts alleged, and the relief asked by the pleader. The right to recover will not be limited by the name given to the pleading by the pleader, except in such

cases as the action and conduct of the pleader has misled the adverse party to his prejudice." (*Swank v. Sweetwater Irr. etc. Co.,* 15 Ida. 353, 98 Pac. 297.) And again, in *Bates v. Capital State Bank,* 21 Ida. 141, 121 Pac. 561, it is said: "The plaintiff need only state his cause in ordinary and concise language, without regard to the ancient forms of pleadings; and, where this is done, he can be sent out of court only when upon his alleged facts he is not entitled to any relief either at law or in equity." Ordinarily, where a cause has been tried upon issues fairly tendered by the pleadings, neither party will be permitted after judgment to shift his position and seek relief upon a different theory, to the prejudice of his adversary.

We think, however, that this controversy between the parties as to what issues of fact were presented by the pleadings and tried by the court is not of controlling importance. Both parties plead and rely upon the sale agreement made May 9, 1919, and it is apparent from the terms of that instrument that the obligations to which each of these parties bound himself therein are concurrent and reciprocal, to the extent that neither could forfeit the rights of the other when the party seeking such forfeiture was himself in default. This agreement gave respondent until May 9, 1920, to make the first deferred payment on the purchase price, and it also gave appellant the same time in which to procure a patent. If at the termination of this time respondent intended not to make further payment, but to rescind his agreement to purchase, because of the failure of appellant to procure patent within the stipulated time, which he then had a right to do, he should not have asked for and obtained an extension of time in which to make his payments. (13 C. J. 609, sec. 645; 5 Page on Contracts, sec. 2660; *Sheldon v. Dunbar,* 200 Ill. 490, 65 N. E. 1095; *Caruthers v. McBurney,* 3 Sneed (35 Tenn.), 590.) If he elected to rescind and to have a return of his money already paid at the termination of the year or any subsequent time to which he had procured an extension for making payment, he should allege and prove that he was ready, able and willing to perform, and offer to restore ap-

pellant to his estate in the premises. He cannot recover the purchase money already paid without restoring or offering to restore appellant to the *status quo*, as nearly as might be done. (6 R. C. L., p. 936, sec. 319, under "Contracts"; *Conner v. Henderson*, 15 Mass. 319, 8 Am. Dec. 103.)

If the answer and cross-complaint are insufficient to present this defense now being relied upon, the complaint having failed to allege any of these precedent conditions which would have entitled respondent to recover, and it having been challenged by a general demurrer, such demurrer should have been sustained. This agreement which obligated respondent to make payment of subsequent instalments of the purchase price was coterminous in time with the time given appellant to procure patent. Their respective obligations were concurrent and reciprocal, and neither had a cause of action in forfeiture against the other unless he was first ready, willing and able to perform on his part. (13 C. J. 614, sec. 662; 5 Page on Contracts, sec. 2645, p. 4651; 6 R. C. L., p. 925, sec. 310, under "Contracts"; *Norrington v. Wright*, 5 Fed. 768; *Duncan v. Jeter*, 5 Ala. 604, 39 Am. Dec. 342; *Reddish v. Smith*, 10 Wash. 178, 45 Am. St. 781, 38 Pac. 1003; notes to 50 Am. Dec. 672 and 30 L. R. A. 48.)

Counsel for respondent suggest that if this cause should be reversed, to use their words, "respondent would be absolutely stripped and naked to his enemies," and ask whether this court will lend its sanction to such an inequitable result. It may be pertinent to reply that such a result should not follow a reversal of the cause. Obviously, it would be unconscionable for one party to a contract containing concurrent and reciprocal obligations to obtain any advantage over the other party by reason of such first party's failure or neglect to perform. Neither party to an agreement of this kind should be placed in any position less favorable than that given him in the original agreement, by reason of the failure or refusal of the adverse party to perform. If appellant has not been in a position to demand payment from respondent because of his inability to secure patent, and appellant has not terminated the agreement, when patent is

secured appellant cannot perform or offer to perform when his disability is removed, and thereby immediately forfeit the agreement for conditions broken on the part of his adversary, who should be permitted to make the deferred payments upon conditions not less favorable than those given him in the original agreement. This is not making a new contract for the parties, but is requiring them to carry out their agreement as they have modified it.

For the reasons stated, the cause is reversed and remanded, with instructions to permit respondent to amend his complaint if he so desires, the cause to be proceeded with in accordance with the views herein expressed. Costs awarded to appellant.

Dunn, J., concurs.

RICE, C. J., Concurring.—I concur in the result. I do not construe the provision of the contract quoted in the foregoing opinion to be an independent covenant. The time named therein in which appellant was to obtain the patent is concurrent with the time in which respondent was to make his first deferred payment. The paragraph of the contract immediately following the one quoted is as follows:

"And it is mutually covenanted and agreed between the parties hereto that the said vendee shall be let into, and have immediate possession of said premises, but that time shall be of the essence of this contract, and that if the said vendee shall fail to pay the said deferred payments or any of them when due or the interest thereon, the said vendor shall be released from all obligation, both at law and in equity, to convey said property, and in such event, the vendee shall forfeit all right to said property, and all payments theretofore made by him shall be forfeited to the said vendor."

The contract upon which respondent relied, containing a provision whereby his right to recover the money paid upon the contract might be forfeited, it was incumbent upon him in stating a cause of action for the recovery of the money paid to negative the existence of the conditions which

might work a forfeiture. The covenants in the contract being concurrent in time, and as I think mutual, respondent in his complaint, in order to state a cause of action, must allege that at the proper time he made a tender of performance of his own covenant, or matters which would excuse a tender. Nothing appears in the complaint which excused a tender. But in any event in order to escape a forfeiture he must have alleged that he was ready, able and willing to perform. No such allegations appearing in the complaint, the general demurrer thereto should have been sustained. The objection that the complaint fails to state a cause of action addresses itself to this court, whether assigned as error or not. (*West. Loan & Building Co. v. Gem State Lumber Co.,* 32 Ida. 497, 185 Pac. 554.)

I do not think the allegation of appellant in his cross-complaint to the effect that respondent had sought and obtained an extension of time in which to make the first deferred payment was made a matter of defense by the reference in his answer to the cross-complaint. It is an attempt to incorporate an entire pleading by reference, a method of pleading which is not permissible. In this case the reference, if it could be considered at all, could only bring into the answer such portions of the cross-complaint as bore upon appellant's denial that he had contracted to furnish patent. The purpose of the reference cannot properly be enlarged so as to bring into the answer a new and distinct defense, namely, that of estoppel or waiver. Likewise, the evidence concerning an extension granted to respondent could only be considered as bearing upon the question of the reformation of the contract.

BUDGE, J., Concurring in Part and Dissenting in Part.— I concur in that portion of the majority opinion sustaining the finding of the trial court that the evidence did not warrant a reformation of the contract, under the general rule that where there is a conflict of evidence, and there is substantial evidence, if uncontradicted, in the record, to support

246 CHAMBERLIN v. IVENS. [36 Idaho,

Opinion of the Court—Budge, J., Concurring and Dissenting in Part.

a finding by the trial court upon that issue, such finding will not be disturbed on appeal.

I am not in accord with the remainder of the majority opinion. In my opinion the complaint states two causes of action; first, for a breach of an independent covenant, and second, upon an implied contract for reimbursement for money expended by respondent for appellant's use and benefit.

The covenant in the contract: "That in the event said vendor fails within one year to secure a patent to said land, then he shall refund. back to vendee all money paid him together with interest thereon at the rate of seven per cent per annum," is an independent and not a mutual or concurrent covenant, and when breached by appellant worked a cancelation of the contract, which being true, it was not necessary in order for respondent to state a cause of action, to allege in his complaint that he was ready, able and willing to make a deferred payment which fell due on or before the expiration of the year within which appellant was to secure a patent, or to allege a restitution of the premises. Particularly is this true in view of the fact that it would be a mere idle act, which, under the authorities which are too numerous to cite, is never required, in order to state a cause of action.

Neither am I in accord with that portion of the majority opinion which holds that the following allegation contained in the answer: "That he never consented or agreed with plaintiff to secure and deliver a patent to said lands within one year or within any other period, as is more particularly set forth in the cross-complaint made a part of defendant's pleading herein, and herein referred to and made a part hereof," should be or was intended by the appellant to be considered for any other purpose than to make the cross-complaint a part of the answer in relation to his plea for reformation. It is clear that the pleader only intended to make the cross-complaint a part of the answer for the sole purpose of further pleading his right to a reformation. It was incumbent upon appellant in order to take advantage of waiver or estoppel *in pais* against respondent's right to

recover upon the breach of an independent covenant to have incorporated in his answer as an affirmative defense facts sufficient to constitute an estoppel or waiver, and upon the trial to introduce proof in support thereof. Under no rule of pleading is it permissible to lift out of a cross-complaint, in the absence of a sufficient allegation, certain alleged facts that should have been set up in the answer as an affirmative defense, in order to present an issue that in the first instance should have been alleged in the answer. The cross-complaint is in the nature of an independent action, and the usual tests of sufficiency must apply to a cross-complaint as to a complaint.

The majority opinion in holding that the cross-complaint might be considered as affirmative allegations in the answer enabled appellant to shift his position in this court for the first time, and to seek relief upon a different theory than that upon which the action was tried and the issues framed, thereby defeating respondent's right to recover in this court. This is made clear when we consider the following statements contained in appellant's original brief, wherein he states:

"The action of Chamberlin being a legal action, and there being no dispute over the amount of money paid by him under the contract, a jury was waived; the cross-complaint of Ivens asking for a reformation of the contract, being an equitable proceeding, its determination devolved upon the court. Thus, there is no contested issue in the case save and alone the question of the mistake of the attorney in the use of 'patent' instead of 'final certificate' in drafting the contract, and the crux of the case is whether appellant, Ivens, is entitled to have the contract reformed accordingly, with the result that Chamberlin's judgment be reversed."

In other words, appellant admits all of the indebtedness due upon the second cause of action, and admits that the cross-complaint sought equitable relief only, viz., a reformation of the contract, and was never intended to be considered as a part of the answer for the purpose of alleging that by reason of certain acts and conduct upon the part of re-

248 CHAMBERLIN *v.* IVENS. [36 Idaho,

Opinion of the Court—Budge, J., Concurring and Dissenting in Part.

spondent he was estopped from declaring a forfeiture of an independent covenant.

Again, counsel in his original brief, in his statement of facts, makes the following statement:

"This appeal presents to this court the single question, namely: Should the contract between appellant and respondent be reformed, under the evidence, by substituting the words 'final certificate' for the word 'patent,' the attorney who drew the contract having used the latter word by mistake?"

And again, under the designation "Argument," in appellant's original brief, he states:

"As stated in the opening of this brief, there is but one question in dispute in this case: Should the contract entered into on May 9, 1919, between Ivens and Chamberlin, respectively appellant and respondent, be reformed by correcting the mistaken use of the word 'patent' instead of the words 'final certificate' in the contract, by the attorney who drew the contract?"

To my mind there is only one proper solution of this cause, and that is for this court to pass upon the only issue presented to the trial court and to this court, viz., whether appellant was entitled to have the contract reformed, and so far as this question is concerned the complaint states a good cause of action. If appellant was not entitled to have the contract reformed, there was a clear breach of an independent covenant and respondent was entitled to a return of his money, with interest, upon his first cause of action, and to recover upon his second cause of action for money expended on appellant's behalf.

This cause is being reversed, as I understand it, upon the theory that the complaint fails to state a cause of action, in this, that respondent failed to allege that he was ready, able and willing to make a deferred payment which fell due at the expiration of the year within which appellant was to secure a patent. The making of the deferred payment was totally disconnected with and had no reference to the obligation resting upon the appellant to secure the patent. The

contract does not so provide, neither does it make the making of the deferred payment a condition precedent to or concurrent with securing the patent.

Even conceding that the covenants were mutual and concurrent, appellant repudiated the contract, in this, that he said that he never promised or agreed to secure a patent; that being true, respondent was not called upon to perform any of the conditions of the contract that were precedent or concurrent to his right to declare a breach. (*Holt v. United Security L. I. & T. Co.*, 76 N. J. L. 585, 72 Atl. 301, 21 L. R. A., N. S., 694.)

McCarthy, J., concurs.