ANNA MARKS AND OTHERS, RESPONDENTS, *v.* WILLIAM H. CULMER AND OTHERS, APPELLANTS.

COSTS ON APPEAL.—STENOGRAPHIC TRANSCRIPTION.—Section 3099, 2 Comp. Laws 1888, provides that in cases where a transcript has been ordered by the court, the fees for transcription must be paid by the respective parties to the action or proceeding in equal proportions, or by such of them and in such proportions as the court, in its discretion, may order, and that the party ordering the reporter to transcribe any portion of the testimony or proceedings must pay the fees of the reporter therefor. A party ordered a transcript and taxed the cost of it against the opposite party, *held* that such costs were not allowable.

ID.—PRINTING ABSTRACT AND BRIEFS.—Under the rules of the court allowing costs for printing abstracts and briefs. only usual and reasonable expenses therefor should be allowed, not exceeding one dollar per page.

ID.—ATTORNEY'S DOCKET FEE.—No attorney's fee for trying and arguing a cause in the supreme court on appeal can be allowed and recovered as costs.

APPEAL from an order of the district court of the first district retaxing costs. The facts are found in the opinion.

*Mr. Arthur Brown* and *Mr. J. G. Sutherland,* for the appellants.

*Mr. David Evans, Mr. George Sutherland* and *Mr. Samuel R. Thurman,* for the respondents.

ANDERSON, J.:

This cause was tried in the district court, and plaintiffs recovered a verdict and judgment against the defendants. An appeal was taken to this court, and the cause was reversed and remanded and a new trial ordered. After the case was sent back to the lower court, the defendants filed therein their bill of costs incurred on said appeal, containing, among other items, the following, viz.: Paid stenographer, for making transcript of evidence below, $226; printing record, 161 pages, $2.10, $338.10; printing brief, 14 pages, $15; attorney fee, $20. On motion of plaintiffs' counsel the court struck out and disallowed the amount paid the stenographer for transcribing the evidence, and the item for attorney fee, and all in excess of one dollar per page for printing the record and brief, to which ruling and order of the court the defendants excepted, and bring this appeal.

The statute provides that, "in cases where a transcript has been ordered by the court, the fees for transcription must be paid by the respective parties to the action or proceeding, in equal proportions, or by such of them, and in such proportions, as the court, in its discretion, may order." 2 Comp. Laws 1888, § 3099. It ·is further provided that "the party ordering the reporter to transcribe any portion of the testimony or proceedings must

pay the fees of the reporter therefor." Id. The tran-script having been ordered and paid for by the appellants, they are not entitled, under the provisions of the section of the statute above referred to, to recover the amount from the appellees. This is the construction placed on a similar statute in a recent case by the supreme court of California. *Barkly* v. *Copeland,* 86 Cal. 493. While costs are recoverable for printing abstracts and briefs in accordance with the rules of this court, only usual and reasonable expenses therefor, not exceeding one dollar per page, should be allowed by the court, and there was no error in disallowing so much of this charge as was in excess of one dollar per page. As to the item charged as "attorney fee," we know of no law authorizing its allowance for trials in this court on appeal. Section 824 of the Revised Statutes of the United States authorizes the allowance of an attorney fee of $20 on a trial before a jury, in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, except that in cases of admiralty or maritime jurisdiction, where the libelant recovers less than $50, the docket fee of his proctor shall be but $10. We think the statute contemplates only the trial in the *nisi prius* courts, and even then it has been held that it can be allowed but once, although there may be several trials, and must be allowed only in the trial which results in the final disposition of the case. *Strafer* v. *Carr,* 6 Fed. Rep. 466; *Cleaver* v. *Insurance Co.,* 40 Fed. Rep. 863. The decision of the court on the appeal was not a final disposition of the case, it being reversed and a new trial ordered. We find no error in the record, and the order of the district court is affirmed.

ZANE, C. J., and MINER, J., concurred.