[No. 14788. In Bank. — March 30, 1892.]

# THE SCHALLERT-GANAHL LUMBER COMPANY ET AL., RESPONDENTS, v. JAMES A. NEAL ET AL., APPELLANTS.

MECHANICS' LIENS — ATTORNEYS' FEES — MODIFICATION OF JUDGMENT ON APPEAL — COSTS. — The attorneys' fees awarded the claimant under section 1195 of the Code of Civil Procedure, upon recovering judgment in an action to foreclose a mechanic's lien, is an incident to the judgment, and is not technically to be considered as costs; and it would seem, therefore, that where a judgment in favor of the claimant is modified on appeal, the superior court, upon the return of the *remittitur*, has power to allow the claimant a reasonable attorney's fee for services in the supreme court, notwithstanding rule 24 of that court provides for costs to be awarded to the appellant in cases where the judgment is modified.

ID. — ORDER ALLOWING ATTORNEYS' FEES — APPEAL. — In an action to foreclose a mechanic's lien, in which judgment has been rendered for the claimant, an order subsequently made allowing the claimant an attorney's fee is a special order made after final judgment, to be reviewed on a direct appeal therefrom, and cannot be reviewed on an appeal from the judgment as modified to conform to the order.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County, and from an order allowing attorneys' fees.

The facts are stated in the opinion of the court.

*Telfair Creighton*, and *John W. Mitchell*, for Appellants.

*H. A. Barclay*, for Respondents.

GAROUTTE, J. — This is a motion to dismiss an appeal, and the facts are as follows: Plaintiffs are materialmen, and brought this action to foreclose certain liens for materials furnished defendant Neal. Judgment was recovered as prayed for in the complaint, and upon an appeal to this court, that judgment was affirmed in all respects, except as to an item of $43.50, and to that extent the trial court was directed to modify the judgment. Upon the filing of the *remittitur* in the lower

court, the judgment was modified in accordance with
the directions therein, and the court also, by an order,
allowed the attorneys for respondents a fee of one hun-
dred dollars for services in defending the cause in this
court, which amount was added to the judgment. It is
from this order, and the judgment as modified, that de-
fendant has now appealed, and the motion to dismiss
such appeal is the matter under investigation, respond-
ent insisting that in such case there is no appeal au-
thorized by law. It seems quite clear that the court
had the power to make an order allowing the successful
party in this action a reasonable attorney's fee for ser-
vices rendered in this court. Section 1195 of the Code
of Civil Procedure contains this provision: "The court
[meaning the superior court] must also allow, as a part
of the costs, the money paid for filing and recording
the lien, and reasonable attorneys' fees in the superior
and supreme courts, such costs and attorneys' fees to
be allowed to each lien claimant whose lien is estab-
lished," etc. It needs but a cursory examination of the
foregoing provision of the statute to determine that the
attorneys' fees referred to is not considered a part of
the costs, but as a matter separate and distinct there-
from. Still, it bears some resemblance to costs, inas-
much as it is an incident to the judgment. This is
the view of the matter taken by this court in *Rapp* v.
*Spring Valley Gold Co.*, 74 Cal. 532, and in *McIntyre* v.
*Trautner*, 78 Cal. 449, and is undoubtedly the true prin-
ciple.

It would seem from the foregoing views that rule 24
of this court, which provides that "in all cases in
which the judgment or order appealed from is reversed
or modified, and the order of reversal or modification
contains no direction as to costs of appeal, the clerk will
enter upon the record and insert in the *remittitur* a
judgment that appellants recover the costs of appeal,"
has no application to the case at bar, for this is not a
question of costs; and, in addition thereto, said section
1195 of the code places the matter in the hands of the

superior court. In the case of *Newkirk* v. *West Coast Lumber Co.*, 80 Cal. 281, and in other recent decisions, this court directed the lower court, upon the return of the *remittitur*, to allow respondent a reasonable attorney's fee, under section 1195 of the Code of Civil Procedure, for services in this court, but such order would appear to be without the power of this court to make, and therefore not binding upon the trial court.

The matters to which reference has been made possibly are not directly involved in the merits of this motion, but they are to some extent connected therewith, and, we think, necessitated notice.

The appeal in this case is taken from the order allowing the attorney's fee, and also from the judgment as modified. The order modifying the judgment by adding thereto the sum of one hundred dollars was in effect the same order as the one allowing an attorney's fee of one hundred dollars, for such order of itself modified the judgment to that extent. The appeal from the modified judgment should be dismissed, for the order made by the court for the allowance of an attorney's fee of one hundred dollars is a special order made after final judgment, upon which the defendant is entitled to an appeal to this court.

It stands upon the same plane as an order made upon a motion to retax costs; and in *Dooly* v. *Norton*, 41 Cal. 442, this court, by Justice Sprague, said: "The motion to retax costs is in effect a motion to modify the judgment, and however the order may be considered when it is made before the entry of the judgment, it seems clear to me that when it is made after the entry of the judgment it is an order after final judgment as fully in every sense as an order modifying the judgment in any other respect." (See also *Empire Gold Min. Co.* v. *Bonanza Gold Min. Co.*, 67 Cal. 406.) This question is reviewed *in extenso* by Mr. Hayne in his work on New Trial and Appeal (vol. 2, sec. 197), where the decisions of this court bearing upon the question are all cited, and the princi-

ples announced in *Dooly* v. *Norton*, 41 Cal. 442, are declared by the author to be the true rule.

For the foregoing reasons, let the motion to dismiss the appeal from the modified judgment be granted, and the motion to dismiss the appeal from the order be denied.

SHARPSTEIN, J., HARRISON, J., McFARLAND, J., and DE HAVEN, J., concurred.