[S. F. No. 1003.   Department One.—February 27, 1900.]

## J. N. WILLIAMS, Appellant, v. H. B. GASTON et al., Respondents.

FORECLOSURE OF MORTGAGE—MECHANICS' LIENS—ATTORNEYS' FEES UPON APPEAL—JURISDICTION OF SUPERIOR COURT.—Upon appeal from a judgment in an action to foreclose a mortgage, rendered in favor of certain defendants directing the payment of mechanics' liens claimed by them out of the proceeds of sale prior to the payment of plaintiff's mortgage, the appellate court will not pass upon the question of the allowance of attorney's fees for defending against the appeal by the plaintiff, but application for any further proper allowance for reasonable attorney's fees in the supreme court, under section 1195 of the Code of Civil Procedure, must be made to the superior court, which has jurisdiction to determine that question.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

CXXVII. CAL.—41

William H. Chapman, for Appellant.

W. H. O'Brien, for H. B. Gaston and Lucia E. Gaston, Respondents.

C. L. Colvin, for Pacific Lumber Company, Respondent.

F. W. Sawyer, for James Dayton, Respondent.

J. B. Richardson, and L. D. Manning, for J. L. Barker, Respondent.

C. T. Johns, for Al. Wood and Charles N. Wood, Respondents.

THE COURT.—In an action for the foreclosure of a mortgage, judgment was rendered in favor of certain defendants for the amount of certain mechanics' liens claimed by them, and directing their payment out of the proceeds of the sale prior to the payment of the plaintiff's mortgage. At the hearing of the appeal the appellant consented to an affirmance of the judgment, and thereupon one of the respondents asked that he be allowed an attorney's fee for defending against the appeal.

In *Schallert-Ganahl etc. Co. v. Neal,* 94 Cal. 192, it was held that the provision of section 1195 of the Code of Civil Procedure, authorizing the court to allow "reasonable attorneys' fees in the superior and supreme courts" is addressed to the superior court, and that that court has the power to allow to the successful party such fee for services in this court. In the present case, that court did make an allowance to each of the respondents for "attorneys' fees" without indicating that it intended to limit such allowance for services in the superior court. If, for any reason, a further allowance is proper, application therefor should be made to that court, where the propriety of the allowance, as well as the amount to be allowed, can be more readily determined.

The judgment is affirmed.