Appeal from First District.

## KOHLER v. LUNDBERG et al.

No. 3327. Decided April 12, 1919. (180 Pac. 590.)

1. VENDOR AND PURCHASER—CONTRACTS OF SALE—FORFEITURE. In an action by a purchaser of land under a contract to enjoin the seller from interfering with plaintiff's possession of the land, defendant claiming that plaintiff had forfeited the contract by reason of nonpayment of interest, evidence *held* sufficient to sustain a finding that defendant had granted plaintiff an extension of time for payment of interest, and that interest was tendered within the time as extended. (Page 342.)

2. VENDOR AND PURCHASER—CONTRACT FOR SALE—FORFEITURE— WAIVER. A vendor of land under a contract, who made no effort or claim to forfeit the contract by reason of the failure of the purchaser to pay interest on the day it became due, waived his right to forfeit by accepting the interest at a later date. (Page 342.)

3. VENDOR AND PURCHASER—CONTRACTS FOR SALE—FORFEITURE. Courts of equity are loth to enforce a forfeiture of the rights of purchaser under a contract of sale of land, especially when a refusal to do so gives all parties of the agreement every right to which they are entitled and in no way works a hardship on any one. (Page 343.)

4. VENDOR AND PURCHASER CONTRACT OF SALE—WAIVER OF RIGHTS OF FORFEITURE. The right of forfeiture on account of nonpayment of interest, once waived by a vendor under a contract of sale of land, cannot be recalled or insisted on without notice.[1] (Page 343.)

5. VENDOR AND PURCHASER—FORFEITURE—NECESSITY FOR AFFIRMA- TIVE ACTION BY VENDOR. Where a vendee had the right to declare a forfeiture of the interest of a purchaser under contract of sale, he was required to take some affirmative action, either by notice or otherwise, to inform or advise the purchaser of his intention to declare or insist upon a forfeiture, not having insisted on a prompt payment of previous installments of interest. (Page 343.)

6. INJUNCTION—COMPLAINANT PARTY IN INTEREST. A purchaser of land who had entered into a written agreement to sell to a third person for an advanced price, and had assigned such contract to still another person to secure an indebtedness, was vitally interested in keeping right to purchase land under the contract with his vendor, and could maintain an action to

---

[1] *Loftis* v. *Pacific Mut. Life Ins. Co.*, 38 Utah, 532, 114 Pac. 134.

enjoin his vendor from interfering with the possession of the premises. (Page 344.)

Appeal from District Court, First District, Cache County; *J. D. Call,* Judge.

Action by Anton Kohler against Abraham Lundberg and others. From a judgment in favor of plaintiff, defendants appeal.

AFFIRMED.

*A. A. Law* of Logan, for appellants.

*Walters & Harris* and *Thatcher & Bowen,* all of Logan, for resspondent.

### APPELLANT'S POINTS.

This Court has held in *Tucker* v. *Billing,* 3 Utah, 82, "that after a breach of a contract, the party in fault will not be permitted to treat the contract as existing," so here, Cardon on behalf of plaintiff could not on December 3rd after default, secure an extension of time, at least not from John Lundberg, that would bind his co-tenant.

### RESPONDENT'S POINTS.

It is admitted by appellant, John Lundberg, both in his answer and by him on the stand that he waived the provision of the contract making time of the essence and having once waived it he could not again make time of the essence without giving the plaintiff a reasonable notice to pay. *Quinn* v. *Olsen,* 24 N. W. 230.

GIDEON, J.

Plaintiff, by this action seeks to enjoin the defendants from interfering with the possession of certain premises described

in the complaint, and asks a decree declaring a contract be-
tween the parties for the purchase and sale of the premises to
be in force and effect.   The complaint alleges the existence
of the contract between plaintiff and defendants dated
March 15, 1916, in which the defendants, for the considera-
tions mentioned, agreed to sell to the plaintiff certain land
located in Cache county, this state.   Time is made the essence
of the contract, and it is stipulated that if the purchaser fails
to punctually make all payments, both principal and interest,
when due, then the contract terminates, and the purchaser
loses all rights thereunder, and the vendors, defendant here-
in, have the right to re-enter and repossess the premises.   It is
further alleged that prior to December 1, 1917, the date upon
which the annual interest became due and payable, an ex-
tension of thirty days to make such payment was granted;
that, relying upon such extension by the defendants, plaintiff
neglected to tender the interest until December 27, 1917, on
which date a tender was made of the full amount of interest
and the taxes on the premises for the year 1917, which plain-
tiff, by the contract, was obligated to pay; that defendants re-
fused to accept the payment tendered and have continued to
so refuse, insisting that the contract had been terminated.
Thereafter, on February 19, 1918, it is alleged that the plain-
tiff again tendered the interest and taxes, together with the
second installment upon the principal then due, which tender
was also refused for the same reason that the payment in De-
cember was declined.

Separate answers were filed.   The contract was admitted, as
were the tenders or offers of payment in December and Feb-
ruary as alleged; also, the refusal to accept the same.   The
answers denied any extension granted for the payment of any
interest, and alleged that the contract had been forfeited and
defendants had repossessed the property.

Trial was had before the court upon the issues thus made.
The court found the execution of the contract as admitted;
that the defendants had granted an extension for the payment
of the interest for a period of thirty days from December 1,
1917, and the tender of payment within that extension, and

the refusal to accept. The court also made other findings as to the value of certain improvements made or work done upon the premises by the plaintiff. As conclusions of law, the court found that the plaintiff was entitled to judgment declaring the contract to be in force and effect; right of possession in the plaintiff upon payment of the amount due the defendants under the terms of the contract; that plaintiff had tendered and was ready to pay the same at any time.

From that judgment the defendants appeal, and attack the findings of the court as not being supported by, and contrary to, the great weight of the testimony. They insist that there is no positive proof that any extension of time was granted. Error is also assigned on the refusal of the court to grant a nonsuit at the termination of plaintiff's testimony, defendants insisting that it then appeared that the plaintiff was not the real party in interest at the time of the institution of the suit.

It is admitted by one of the defendants that on or about December 3, 1917, a Mr. Cardon, in the interest of the plaintiff, had an interview with said defendant respect- **1-2** ing the interest and the fact of its payment. Mr. Cardon testified that at that time said defendant stated that payment of the interest could be made within thirty days. The defendant John Lundberg denies that statement. He admits, however, that he did state to the witness Cardon that the payment must be made during that week. Also, such defendant testified that he. stated to the witness Cardon that he did not have in mind or intend to claim a forfeiture by the failure of the plaintiff to pay the taxes on the premises on or about December first. The court found, however, that the extension had been granted as testified to by Cardon, and we are not prepared to hold that that finding is contrary to the weight of the testimony. In addition, it stands uncontradicted in this record that the interest due on December 1, 1916, was not paid on the date when it became due, but as stated by the plaintiff (which was also uncontradicted), that when the interest fell due on that date, December 1, 1916, part of the interest had been paid in advance by the delivery of hay and

grain to the defendants, and the balance was not paid until some time after it became due, but was paid within thirty days thereafter. At that time defendants made no effort or claim to forfeit the contract by reason of the failure to pay the interest on the day it became due, and, at least, so far as that payment is concerned, waived the right to forfeit.

Courts of equity are loth to enforce a forfeiture, especially when a refusal to do so, as in this case, gives to all parties to the agreement every right to which they are **3-5** entitled, and thus in no way works a hardship upon any one. The right of forfeiture once waived cannot be recalled. As stated, it appears that the right of forfeiture was waived by the defendants by a failure to assert it in December, 1916. Admittedly the defendant John Lundberg granted a temporary extension at his interview with the witness Cardon in December, 1917. The only proof tending to show that any election or actual forfeiture was made prior to December 27, 1917, was the testimony of one of the defendants that on or about the fifteenth day of that month he went upon the premises, found no one occupying it, drove off some cattle, and repaired some fences. No notice was given to the plaintiff, or to any one representing him, that a forfeiture was contemplated at any particular time. No notice was given advising the plaintiff that unless the interest was paid a forfeiture would be insisted upon, but at most the defendants remained passive until after the tender was made. Admitting that by the literal terms of the contract the parties agreeing to sell had the right to declare a forfeiture and terminate the contract, under the facts as they appear in this record the defendants were rquired to take some affirmative action, either by notice or otherwise, to inform or advise the plaintiff of their intention to declare or insist upon a forfeiture. That they did not do. However, as indicated, in this case there was evidence tending to show an extension of time for payment, and we may well base our conclusion primarily upon that finding.

That the right of forfeiture once waived cannot be recalled or insisted upon without notice is supported by the following

authorities: *Loftis* v. *Pacific Mut. Life Ins. Co.*, 38 Utah, 532, 114 Pac. 134; *Opsgon* v. *Engebo,* 73 Wash. 324, 131 Pac. 1146; *Eaton* v. *Schneider,* 185 Ill. 508, 57 N. E. 421; *Zeimantz* v. *Blake,* 39 Wash. 6, 80 Pac. 822; *Thayer* v. *Mining Co.*, 105 Ill. 540; *Williams* v. *Life Ins. Co.*, 8, Ga. App. 303, 68 S. E. 1082; *Sheldon* v. *Dunbar,* 200 Ill. 490, 65 N. E. 1095; 13 C. J. P. 609; 39 Cyc. 1345.

Complaint is also made that the finding that the value of the property had been enhanced in the sum of $500 by reason of the work done upon the premises by plaintiff is not supported by the testimony, but is contrary to the weight thereof. As we view it, the conclusion reached makes that finding immaterial.

Complaint is also made because a non-suit was not granted, it being contended that the undisputed testimony shows that the plaintiff was not the real party in interest. The contract between plaintiff and defendants was made about March 15, 1916. Thereafter, in December, of the same year, the plaintiff entered into a written agreement similar to the one between himself and the defendants to sell the same premises for an advanced price to Joseph B. Beus and Harry P. Garrison. In April, 1917, plaintiff assigned the contract made with Beus and Garrison to secure an indebtedness owing by him to George A. Hoopes. It will thus be seen that the plaintiff was vitally interested in keeping the right to purchase the land under the contract with the defendants in force, otherwise his contract with Beus and Garrison would of necessity fail, and the assignment of it as security for the payment of his indebtedness would be lost, and he would be deprived of any advantage or right which he had by reason of the original agreement. It was such an interest as authorized him to institute and prosecute this action.

We find no reversible error in the record. The judgment is therefore affirmed, appellant to pay costs.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.