[Civ. No. 11305. First Appellate District, Division One.—September 30, 1940.]

FANNIE HALES, Respondent, v. EARL F. SNOWDEN et al., Defendants; CURTIS C. COLYEAR et al., Appellants.

Henry O. Wackerbarth for Appellants.

Austin & Austin, Irving P. Austin and Doyle, Clark & Thomas for Respondent.

KNIGHT, J.—The defendants Curtis C. and Florence E. Colyear appealed from an order made after final judgment and from the final judgment as amended and supplemented by said order. ▪ The question presented for determination may be stated as follows: Where an appeal has been taken by two of four mortgagors of real property from a decree rendered in the foreclosure action wherein is included an allowance for attorneys' fees and the decree is affirmed, may the trial court, subsequent to the filing therein of the *remittitur*, allow additional attorneys' fees for services rendered in resisting the appeal and thereupon enter a supplemental judgment whereby the additional amount allowed is incorporated in and becomes part of the original decree. It is our conclusion that the question must be answered in the negative, and therefore that the "order and supplemental judgment" made herein by the trial court allowing such additional fees and supplementing the original judgment cannot be sustained.

The proceedings leading up to the making of said order and supplemental judgment were these: The respondent, Fannie Hales, brought an action to foreclose three mortgages on real property given to secure the payment of promissory notes, the principal sums of which totaled $21,000. The notes and mortgages were executed by appellants and two codefendants, namely, Earl F. and Constance H. Snowden. The notes contained no provision for the payment of attorneys' fees, but each mortgage provided that it was given for the purpose of securing, first, the payment of the indebtedness evidenced by the promissory note; "Second: Payment of attorney's fees, in a reasonable sum to be fixed by the Court and all costs and expenses in any action brought to foreclose this mortgage or any action or proceeding affecting the rights either of Mortgagor or Mortgagee in said real property, whether such action or proceeding progress to judgment or not; . . . " Among the relief prayed for in the foreclosure complaint was that respondent have judgment and execution against the parties above named for any deficiency that might remain after applying all the proceeds of the sale of the premises properly applicable to the satisfaction

of the judgment. The Snowdens defaulted, but appellants filed an answer wherein they interposed several special defenses, among them being that the mortgages sought to be foreclosed were purchase price mortgages and that therefore the mortgagee "was not entitled to a personal or deficiency judgment" against them. The trial court decided that issue and all others raised by the answer against appellants, and a decree in the usual form was entered, awarding a money judgment against the four parties above named in the sum of $21,816.84, together with the sum of $795.22 attorneys' fees and costs, and directing the sheriff to sell the property at foreclosure sale. The decree also directed the entry of a deficiency judgment against said parties in the event the proceeds of the sale were insufficient to satisfy the amounts due under the decree. The Colyears appealed to the Supreme Court, urging as one of the main grounds for reversal that the court erroneously directed the entry of a deficiency judgment. The appeal was transferred for hearing and determination to the District Court of Appeal and the decree was affirmed. (*Hales* v. *Snowden,* 19 Cal. App. (2d) 366 [65 Pac. (2d) 847].) Subsequently a petition for hearing by the Supreme Court was denied; and appellants then petitioned the Supreme Court of the United States (*Colyear* v. *Hales,* 302 U. S. 715 [58 Sup. Ct. 34, 82 L. Ed. 552]), for a writ of *certiorari,* which petition likewise was denied. Upon the filing of the *remittitur* issued by the District Court of Appeal respondent served notice, supported by affidavits, that she would present a motion to the trial court "for an order and supplemental judgment fixing and determining attorneys' fees to be allowed to the plaintiff for the defense of the appeal . . . [taken] by defendants to the District Court of Appeal and Supreme Court of the state of California and to the Supreme Court of the United States . . . ". Appellants filed written objections to said motion, supported by counteraffidavits, and after a hearing the trial court on November 12, 1937, granted the motion. The order made in this behalf was entitled "Order and Supplemental Judgment Fixing Attorneys' Fees". It contained findings to the effect that all of the facts set forth in the affidavits filed in support of the motion were true; that each of the mortgages mentioned in the complaint provided for the "payment of attorneys' fees, in a reasonable sum to be fixed by the court and all costs and expenses in any action brought to foreclose this mortgage or any

action or proceeding affecting the rights either of mortgagor or mortgagee in said real property''; and that plaintiff was ''entitled under the terms of said mortgage to a reasonable sum for attorneys' fees for the defense against the appeal of the said defendants to the District Court of Appeal and Supreme Court of the state of California and against the petition of said defendants for a writ of *certiorari* to the United States Supreme Court'', and that the reasonable value of said services was $1,000; whereupon it was ''ordered, adjudged and decreed that the plaintiff, Fannie Hales, have judgment against the defendants for the sum of one thousand ($1000.00) dollars and that said sum be apportioned'' as specified therein against the three causes of action ''and become a part of the amount due thereunder to the same force *as* [and] effect as though included in the original judgment . . . '', together with interest thereon from the date of the entry of said order.

The parties are agreed that a provision in a mortgage relating to the allowance of attorneys' fees constitutes the measure of the trial court's authority to make such allowance, and in their briefs they have argued to some extent the disputed point as to whether the provision contained in each of the mortgages here was in any event broad enough in its terms to justify an allowance for services rendered on an appeal which might be taken from the decree of foreclosure. In this regard appellants cite authorities to the effect that such a provision must be strictly construed against the party foreclosing (Jones on Mortgages, 7th ed., vol. 3, p. 186, and 19 R. C. L. 567, cited approvingly in *Gralynn Laundry* v. *Virginia Bond & Mortgage Corp.*, 121 Fla. 312 [163 So. 706]; *Booker* v. *Booker,* 220 Ala. 367 [125 So. 212]; *Lampkin* v. *Irwin*, 202 Ala. 14 [79 So. 300]); and applying such rule of construction to the mortgage provisions here under consideration, they contend that the latter portion thereof upon which respondent seems to rely, reading, '' . . . or any action or proceeding affecting the rights either of mortgagor or mortgagee in said real property, whether such action or proceeding progress to judgment or not'', referred to attacks made by third persons against the rights of the mortgagor or the mortgagee or both, in the mortgaged property; whereas respondent contends that said provision was intended to apply as well to any proceeding between the parties to the mortgage, growing out of the foreclosure action, such as an appeal from the decree entered therein.

■ Irrespective, however, of the merits of either of the arguments so advanced, it is a well-settled legal doctrine that upon the rendition and entry of the decree of foreclosure the provisions of the mortgage become merged therein (18 Cal. Jur., p. 471), following which the terms of the decree govern the rights of the parties; and here admittedly the decree contains no provision which directly or by implication, by way of reservation or otherwise, would authorize the allowance of attorneys' fees for any services rendered subsequent to the rendition and entry thereof. Therefore, since the decree for all purposes became final upon its affirmance on appeal, which was prior to the presentation of respondent's motion, it was clearly beyond the power of the trial court thereafter to amend, modify or supplement the same by increasing the amount of money the mortgagors were called upon thereunder to pay. That such would be the plain effect of the "order and supplemental judgment" is beyond question, for in case either of a redemption of the property or satisfaction of the deficiency judgment, the additional allowance of attorneys' fees would be added to and included in the amount the mortgagors would be required to pay.

Respondent does not question the doctrine that once a decree has become final, it may not be amended, modified or supplemented, except, of course, where otherwise authorized by statute or in some cases to correct clerical error or misprision, due to inadvertence; but she points out that the cases cited in California Jurisprudence in support of the merger rule do not involve the matter of allowance of attorneys' fees. It may be so conceded; nevertheless those cases declare the law to be as stated in California Jurisprudence that "The mortgage is merged in the judgment or decree rendered in the foreclosure suit, whether the property is sold under foreclosure in an action in which the mortgagee was plaintiff or one in which, as defendant, he prayed foreclosure under a cross-complaint." Furthermore, respondent cites certain cases to show that the merger rule does not apply to a new cause of action accruing since the rendition of the decree, such, for example, as where the matter could not have been provided for in the original decree. But those cases are not in point here, because if the provisions of the mortgage so justified, reservation in the decree could have been made for the future allowance of fees in case of appeal.

As supporting her position generally that it was within the power of the trial court, after the judgment had become final, to make additional allowance for attorneys' fees, respondent cites *Beckman* v. *Skaggs*, 61 Cal. 362, *Schallert-Ganahl Lumber Co.* v. *Neal*, 94 Cal. 192 [29 Pac. 622], and *Williams* v. *Gaston*, 127 Cal. 641 [60 Pac. 427]. But an analysis of those cases demonstrates that they are not here controlling. In *Beckman* v. *Skaggs* there was no judgment, final or otherwise, before the trial court at the time application was made for additional attorneys' fees. As shown by the facts set forth in the opinion therein, the judgment had been reversed. And *Schallert-Ganahl Lumber Co.* v. *Neal* did not involve a mortgage but was an action to foreclose a materialman's lien. It was therefore governed by a special statute (sec. 1195, Code Civ. Proc.) which as stated in the opinion contains the following provision: "The court [meaning the superior court] must also allow, as a part of the costs, the money paid for filing and recording the lien, and reasonable attorneys' fees in the superior and *supreme courts* . . . " etc. (italics ours); and on a former appeal the judgment while affirmed was ordered modified. It was held, therefore, that when the cause again came before the superior court it was proper for that court under the provisions of the statute to allow additional attorneys' fees for services rendered in the Supreme Court. The allowance of the additional fees in *Williams* v. *Gaston* was also governed by the provisions of section 1195, Code of Civil Procedure, a mechanic's lien being there involved; and the court merely followed the ruling in the Schallert-Ganahl Lumber Co. case. The remaining cases cited by respondent, being less in point than those above discussed, do not require special attention.

For the reasons and upon the grounds above set forth, it is ordered that the "Order and Supplemental Judgment Fixing Attorneys' Fees" filed on November 12, 1937, be and the same is hereby reversed. The original judgment, which the foregoing order purported to supplement and from which as so supplemented an appeal was also taken, will therefore stand as affirmed in *Hales* v. *Snowden, supra,* and the appeal so taken therefrom, having become moot by reason of the reversal of said order of November 12, 1937, is dismissed.

Peters, P. J., and Ward, J., concurred.