279 P.2d 709

Howard M. SWAIN and Eleanor Riding
Swain, Plaintiffs and Respondents,

v.

SALT LAKE REAL ESTATE AND IN-
VESTMENT COMPANY, a corpora-
tion, Defendant and Appellant.

No. 8194.

Supreme Court of Utah.

Feb. 8, 1955.

Young & Young, Salt Lake City, for appellant.

Jackson B. Howard, Provo, for respondent.

McDONOUGH, Chief Justice.

Plaintiffs entered into a Uniform Real Estate Contract to sell to the defendant certain real property, encumbered with a mortgage, on November 13, 1951. The down payment of $2,000 was made and it was agreed that monthly payments of $75 would be sent in part to the mortgagee, to whom plaintiffs remained obligated, and in part directly to the plaintiffs. From the date of the contract until August 17, 1953, the defendant was delinquent from time to time, but on the date suit was begun, September 5, 1953, it had remitted to the mortgagee and to the plaintiff checks in sufficient amounts to make the payments current and had paid a total of $3,574.00 on the contract. On August 17, however, at which time the defendant was in arrears $254.85, the plaintiff served notice upon the defendant that the sellers "now exercises their option to re-enter and take possession of the premises" and gave defendant fifteen days in which to vacate. On August 18, defendant sent a check for $183.02 to the mortgagee, which check, bearing a bank date of August 24, was introduced into evidence. A check to the plaintiff of $71.83—the rest of the delinquent amount—was accepted by the bank under plaintiff's endorsement on September 22.

The trial court concluded that even if plaintiffs were entitled to a forfeiture, they waived such rights by accepting the payments above mentioned. Although both parties stipulated that $250 would be a reasonable attorney's fee contemplated by the contract provision allowing such fees as may arise in forcing the agreement, the trial court denied the fee to both parties.

Defendant, the winning party in the suit, appeals from that portion of the judgment denying attorney's fees and requesting that, since an appeal was necessary, this court find that $500 is the proper amount to be awarded. Plaintiffs cross-appeal contending that the trial court erred in not awarding them possession of the premises and attorney's fees.

It is fundamental that a vendor cannot claim a forfeiture and at the same time receive the purchase money. Cowart v. Singletary, 140 Ga. 435, 79 S.E. 196, 47 L.R.A.,N.S., 621, Ann.Cas.1915A, 1116. A vendor by receiving money when past due is

precluded from availing himself of any right of forfeiture which has arisen because of the failure to pay one installment on time. The cross-appellant objects that the formal elements of waiver are not present in this instance and that the defendant did not detrimentally change its position in reliance upon the action of the sellers in accepting its payments late. The proposition that defendant would order its bank to pay $254.85 as a gratuity to its vendors, who are attempting to declare a forfeiture, is indeed open to doubt; but whether we regard the sellers' action as a waiver or as an election to disregard the breach and continue the contract, the act of accepting payments under the contract is unequivocal in its legal effect. As was said in Kohler v. Lundberg, 54 Utah 339, 180 P. 590, 592: "Courts of equity are loth to enforce a forfeiture, especially when a refusal to do so, as in this case, gives to all parties to the agreement every right to which they are entitled, and thus in no way works a hardship upon any one."

The contract provides that "The Buyer and Seller each agree that should they default in any of the covenants and agreements contained herein, to pay all costs and expenses that may arise from enforcing this agreement, either by suit or otherwise, including a reasonable attorney's fee." It was held in the case of Forrester v. Cook, 77 Utah 137, 292 P. 206, under a similar provision, that the vendor could not claim attorney's fees in an unlawful detainer action after declaration of forfeiture. The court reasoned that such an action was not one for "enforcing the agreement" but rather one outside the contract. Such is not the present case, for while the seller sought to forfeit the contract, the buyer maintained his rights under the contract and incurred costs in enforcing the agreement. The parties contracted to pay such costs and stipulated that $250 would be reasonable.

Since it appears probable that after the issues were drawn, the only real contest below was that concerning the award of an attorney's fee, we are of the opinion that the stipulated amount of such fee should cover services rendered in the court below and on appeal. Attorneys' fees on appeal are discretionary with this court and, under the facts of this case, we are of the persuasion that no additional fee should be allowed.

The judgment below is modified by adding thereto a judgment for an attorney's fee in the sum of $250 and as so modified is affirmed. Costs to appellant.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.