**DOWNEY STATE BANK, Plaintiff and Respondent,**

v.

**MAJOR–BLAKENEY CORP. and Joseph L. Krofcheck, et al., Defendants and Appellants,**

**Franklin D. Richards and Co. and Richard W. Ringwood, Intervenors.**

No. 14546.

Supreme Court of Utah.

Nov. 26, 1976.

Don R. Strong, Springville, for defendants and appellants.

George D. Melling, Jr., and Scott H. Clark, of Fabian & Clendenin, Salt Lake City, for plaintiff and respondent.

Nick J. Collessides, Salt Lake City, for intervenors.

ELLETT, Justice:

On March 4, 1974, the court below entered a default judgment against appellant, successor-in-interest to certain real property secured by mortgages, and awarded costs and reasonable attorney fees to respondent. Subsequently, on April 9, 1974, appellant's real property was sold at a public auction. Appellant then filed a motion on October 4, 1974, in the lower court to set aside the default and vacate the foreclosure decree and sale. That motion was denied March 3, 1975, whereupon appellant appealed to this Court. We affirmed the district court on January 26, 1976, and awarded costs on appeal to respondent.

After the case was remitted to the district court, respondent moved to amend the original judgment and decree of foreclosure to give them attorney's fees incurred in resisting appellant's attempts to vacate the judgment and in defending the case on appeal.

The lower court, through a nunc pro tunc order dated March 17, 1976, granted respondent $5,621.98 as additional attorney fees and expenses. Appellant now brings this appeal to set aside the order of the district court as exceeding its authority.

■ These facts require application of several fundamental legal doctrines stated by the following authorities:

. . . when a court exceeds its power in entering a purported nunc pro tunc order, the order is invalid.

The function of an order nunc pro tunc is to record an order *actually made*, which, through some oversight, or inadvertence, was never entered on the records of the court, or which was incorrectly entered. *An order nunc pro tunc cannot do more than supply a record of something that was actually done at the time to which it is retroactive.* Such entry may be made in order to save proceedings that have been had before it is made, but where no proceedings have been had and the *jurisdiction of the court over the subject has been withdrawn in the meantime,* a court has no power to make a nunc pro tunc order.

A nunc pro tunc amendment or correction of a court order is *not proper to correct judicial errors or omissions or to change an order actually rendered.* If the court has omitted to make an order that it might or ought to have made at a particular term, it *cannot* make the order nunc pro tunc after the term or at a subsequent term.[1] [Citing cases from many jurisdictions.] [Emphasis added.]

On appeal—Where allowance was made for attorney's fees in foreclosure decree which was affirmed on appeal,

---

*trial court could not, subsequent to the filing therein of the remittitur, allow additional attorney's fees for services rendered in resisting appeal* and thereupon enter a supplemental judgment whereby the additional amount allowed was incorporated in, and became part of, original decree, *since provisions of mortgage became merged in decree* which governed rights of the parties, and decree containing no provision for additional attorney's fees, additional attorney's fees could *not* be allowed.[2] [Emphasis added.]

[redacted] When the lower court's original foreclosure decree was entered, several thousand dollars were awarded respondent for attorney's fees and costs. After the appeal was perfected, the lower court lost jurisdiction of the matter. It has long been the law of Utah that attorney's fees on appeal are discretionary with the Supreme Court;[3] and then only when specifically authorized by statute or rule of court.[4] When we awarded costs to respondent on the first appeal, we had no intention of including attorney's fees.

After this case was remitted, the lower court was not at liberty to entertain a motion for additional attorney fees or to alter the final order in any way, absent specific authority from this Court.[5] We reverse and award costs to appellant.

HENRIOD, C. J., and WILKINS, J., concur.

CROCKETT, Justice (concurring, but expressing reservation):

I concur with the decision and what is said therein as applicable to the facts of this case. But I except therefrom giving a blanket approval to the quoted text that:

> . . . A nunc pro tunc amendment or correction of a court order is not proper *to correct judicial errors* or to change an order actually rendered. If the court has omitted to make an order that it might or ought to have made at a particular term, it cannot make the order nunc pro tunc after the term or at a subsequent term. [Emphasis added.]

This excerpt from the quoted text may be correct as applied in certain circumstances. But I prefer the more liberal concept of the use of nunc pro tunc procedure that when the interests of justice so demand the court may exercise its sound discretion, to amend, correct, revise, supplement, supply omissions or vacate judgments. See e.g. *In re Cooks Estate*, 77 Cal. 220, 19 P. 431; and see, 49 C.J.S. Judgments §§ 229 and 258; and see also Rule 60, U.R.C.P.

MAUGHAN, J., concurs in the views expressed in the concurring opinion of CROCKETT, J.

2. 59 C.J.S. Mortgages § 812, p. 1551, fn. 75; *Hales v. Snowden et al.*, 40 Cal.App.2d 801, 105 P.2d 1015 (1940), Headnote 2.

3. *Swain v. Salt Lake Real Estate and Investment Co.*, 3 Utah 2d 121, 279 P.2d 709 (1955).

4. *Marks v. Culmer*, 7 Utah 163, 25 P. 743 (1891); *Keller v. Lonsdale*, 216 Or. 339, 339 P.2d 112 (1959); 5 Am.Jur.2d, Appeal & Error, Sec. 1022.

5. The citations in the concurring opinion of Justice Crockett pertain to cases before appeal and during term time.