**Elwood L. NIELSEN, dba Nielsen Construction Company, Plaintiff and Appellant,**

v.

**CHIN–HSIEN WANG and Li Rong Wang, Defendants and Respondents.**

No. 16620.

Supreme Court of Utah.

June 6, 1980.

---

4. See *National Surety Co. et al. v. Odle et al.*, 40 S.W.2d 876 (Tex.Civ.App.1931).

W. Scott Barrett, Logan, for plaintiff and appellant.

Wendell Bennett, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

This is an appeal from a judgment of the District Court for Salt Lake County, sitting without a jury. After a three-day trial the Court found that Appellant Elwood L. Nielsen d/b/a Nielsen Construction Company (hereafter "Nielsen") had breached a contract whereby Nielsen was to build a residence for Respondents Chin-Hsien Wang and Li Rong Wang (hereafter "Wangs").

In April, 1977, Nielsen and the Wangs entered into a contract under which Nielsen agreed to build a home for the Wangs on a lot owned by them at a price of $76,000. The contract form was provided by Nielsen and required, *inter alia*, that any change orders be in writing and signed by the parties; that the home be constructed by a certain date; and that in case of breach of the contract by either party, the breaching party would pay all damages including a reasonable attorney's fee. The price bid to build the house was based on a set of plans which were later rejected by the Salt Lake City Building Inspector because of non-compliance with applicable building and zoning laws. The plans were thereafter revised to comply with these laws and Nielsen agreed to build the house according to the modified plans.

During the course of construction, two addenda to the contract were executed, but

no change orders were presented, nor was there any indication that the contract price had to be altered as a result of the changes in the original plans. However, on December 31, 1977, when the Wangs were moving into the yet uncompleted house, Nielsen, through his construction superintendent, demanded that the Wangs sign an agreement to pay $12,543.37 for "extras". The Wangs refused, maintaining that most of the items listed were not "extras". Thereafter, Nielsen performed no other work on the house and "terminated" the construction contract on January 16, 1978. After some attempts to engage another general contractor, the Wangs completed the house themselves through their own efforts and by hiring various subcontractors.

After the trial, the District Court found, that Nielsen had "abandoned" the contract but was entitled to $1,523.37 for "extras". The Court further found that the Wangs were damaged in the sum of $12,815.34 as a result of having to complete the home themselves and were additionally entitled to $640 liquidated damages for delay as provided by the contract and $7,500 attorney's fee. Judgment was entered pursuant to the Court's findings and conclusions. Following the denial of his motion for new trial, Nielsen took this appeal.

■ The findings and conclusions of the District Court must be affirmed unless there is no reasonable basis in the evidence to support them.[1] Further, the evidence and all inferences that fairly and reasonably might be drawn therefrom must be viewed in a light most favorable to the judgment entered.[2]

■ Nielsen first contends that he was entitled to the contract price of $76,000. His evidence showed that he received $66,575.05 while the Wangs' evidence showed he was paid $68,639.58. The rule in Utah is

that to recover on his contract, a contractor must first establish his own performance of a valid excuse for his failure to perform.[3]

■ The District Court awarded the Wangs judgment in the sum of $12,815.34 "for costs incurred for sub-contractors following the plaintiff's wrongful abandonment of the contract." There is substantial evidence to support the sum of $12,815.34. However, the judgment should have been for that sum less the amount left unpaid on the total contract price.[4] Nielsen concedes that the evidence supports the fact that he received $68,639.55 of the contract price, which leaves $7,360.45 unpaid. Thus, the damages sustained by the Wangs as a result of Nielsen's breach should be $5,454.89, and the judgment must be modified accordingly.

■ Nielsen next contends that it was error for the Court to include an amount for aluminum siding in awarding Wangs' damages inasmuch as the plans used in constructing the home did not show aluminum siding. The Wangs established that the siding installed by Nielsen was not that required by the plans. And the evidence supports the award of a sum for aluminum siding made necessary by Nielsen's failure to use the specified siding material.

■ The next error asserted by Nielsen is that the District Court awarded the Wangs "substantially everything [they] asked for." Nielsen's disagreement with the amount awarded does not rise to a showing that there was no substantial evidence to support the award. This court will not substitute its view of the evidence for that of the District Court.[5]

■ Finally, as to Nielsen's argument that it was error for the Court to refuse to award all "extras" that he claimed, the record shows that the bulk of these extras were controverted and denied by the Wangs from December 31, 1977, through the trial

1. *Lowe v. Rosenlof,* 12 Utah 2d 190, 364 P.2d 418 (1961); *Fisher v. Taylor,* Utah, 572 P.2d 393 (1977).

2. *Cheney v. Rucker,* 14 Utah 2d 205, 381 P.2d 86 (1963); *Charlton v. Hackett,* 11 Utah 2d 389, 360 P.2d 176 (1961).

3. *Lowe v. Rosenlof,* supra. Accord, *Watson Lumber Company v. Guennewig,* 79 Ill.App.2d 377, 226 N.E.2d 270 (1967).

4. *Stangl v. Todd,* Utah, 554 P.2d 1316 (1976); *Rex T. Fuhriman, Inc. v. Jarrell,* 21 Utah 2d 298, 445 P.2d 136 (1968).

5. *Fisher v. Taylor,* supra.

of this matter. There is no basis for this Court to dispute the finding of the District Court that Nielsen was only entitled to $1,523.37.

The contract, as noted *ante*, provides that a party thereto who breaches the contract "shall pay to the other party . . . a reasonable attorney's fee." The Wangs argue that under that provision they are entitled to a reasonable attorney's fee for their defense of this appeal. We agree.[6]

Affirmed as modified. Costs to Respondents Wangs. Case remanded for determination of the amount of attorney's fee reasonable for defending this appeal and modification of judgment accordingly.

MAUGHAN, HALL and STEWART, JJ., concur.

CROCKETT, C. J., concurs in result.

---

6. *Swain v. Salt Lake Real Estate & Investment Co.*, 3 Utah 2d 121, 279 P.2d 709 (1955); and *Downey State Bank v. Major-Blakeney Corp.*, Utah, 556 P.2d 1273 (1976) left the matter of awarding an attorney's fee on appeal to this Court's discretion. By this standard, we believe the Wangs are entitled to this award.